IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AL-AWWAL SHIMOYAMA, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 05-6299 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al.. | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

AND NOW, this 9th day of June, 2008, upon consideration of Plaintiff's Motion for Reconsideration of the Court's Order Granting Summary Judgment in favor of Defendant City of Philadelphia (Docket No. 105) and the City's Response in Opposition thereto (Docket No. 109), it is hereby ORDERED as follows:

1.　Plaintiff's Motion for Reconsideration (Docket No. 105) is GRANTED.

2.　This court's January 31, 2008, Order (Docket No. 78) is VACATED, in part, inasmuch as the Order granted judgment for the City on Plaintiff's § 1983 claims.

3.　The Clerk of Court shall REOPEN the above-captioned matter.

4.　The City of Philadelphia's dismissal from the above-captioned matter is VACATED.

5.　The City's Motion for Summary Judgment is STRICKEN, IN PART, as to Plaintiff's § 1983 claims only, without prejudice to the City's ability to renew the Motion.

6. Plaintiff and the City shall appear by telephone for a scheduling conference to take place on June 13, 2008, at 11:30 a.m. Plaintiff's counsel shall initiate the call to Chambers.

## I. Procedural History

Plaintiff instituted this action in October 2005 by filing a Complaint in the Court of Common Pleas of Philadelphia County against the City of Philadelphia ("City") and the Philadelphia Prison System claiming, inter alia, violations of 42 U.S.C. § 1983 and the Pennsylvania Constitution. On December 5, 2005, the action was removed to this court. Subsequently, Plaintiff amended his complaint three times, claiming state and federal causes of action against four institutional defendants, including the City, and four correctional officers. Plaintiff's Third Amended Complaint (Docket No. 64) asserts both federal and state claims against all defendants. Count I alleged violations of 42 U.S.C. § 1983 and the United States Constitution; Count II alleged violations of the Pennsylvania Constitution, Assault, and Battery; Count III alleged negligent and intentional infliction of emotional distress; and Count IV was a claim for punitive damages.

The City filed a Motion for Summary Judgment on November 19, 2007, and Plaintiff filed a response on December 3, 2007. By January 2008, claims against three defendants had been dismissed with prejudice such that the remaining defendants in the case were the City and four correctional officers: Normando Noland, Jose Marte, Moses Jennings, and Michael Davis.

On January 29, 2008, the court granted summary judgment in favor of the City, holding that (1) Plaintiff's § 1983 claim against the City failed as a matter of law because he had presented no evidence that the City had a custom, policy, or practice that exhibited deliberate

indifference to his constitutional rights; and (2) Plaintiff's state law tort claims were barred by the Political Subdivision Tort Claims Act.  Upon detailed examination of the summary judgment record, the court found that Plaintiff had presented insufficient evidence to support his § 1983 claim against the City and that Plaintiff had presented no evidence of official actions that indicate a policy, practice, or custom on the part of the City that would result in Monell liability for Plaintiff's alleged constitutional injury.

Trial against Defendants Normando Noland, Jose Marte, Moses Jennings, and Michael Davis commenced on April 18, 2008.  On April 23, 2008, the jury returned a verdict in favor of Defendants and against Plaintiff.  Judgment was entered on April 24, 2008.  Plaintiff now moves for Reconsideration of the court's Order Granting Summary Judgment in favor of the City.

## II.     Factual Background

Commencing on or about October 3, 2004, Plaintiff became a detainee at the Currant-Fromhold Correctional Facility ("CFCF") in Philadelphia.  He alleges that he was beaten, kicked, and severely injured by corrections officers during the intake procedures.  He further alleges that he immediately reported to medical personnel, as he was best able, that he had been beaten by corrections officers but that no investigation was commenced and no report was ever made concerning his complaints.  Indeed, the City produced no explanation for Plaintiff's significant injuries apparently received within CFCF.

Discovery in this matter commenced in 2006.  During the discovery period, Plaintiff requested the entire sergeants' log for the receiving room at CFCF.  Despite repeated requests, the City did not produce any such log during the discovery period.  It was reported to the City's legal counsel that the log did not exist. In deciding the City's Motion for Summary Judgment,

the court necessarily relied upon the City's direct or implied representations that it had fully complied with its discovery obligations and that the record, as developed, represented all the City's evidence pertinent to Monell discovery issues.

However, on the eve of trial, that is, on April 14, 2008, the City produced to Plaintiff's counsel a part of the sergeants' log, covering the period of Plaintiff's stay in the CFCF receiving room in October 2004. (Pl.'s Mem. in Supp. of Mot. for Recons. 7.) Two days later, on April 16, 2008, the City produced to Plaintiff's counsel the entire sergeants' log. (Id.) Plaintiff's counsel complained then and continues to claim that she did not have time to scrutinize the log prior to commencement of trial but that even a cursory review showed that another detainee had complained of having been beaten by correctional officers in the receiving room on September 14, 2004 – only about two weeks prior to Plaintiff's injuries. (Id. Pl.'s Mot for Recons., Ex. F.) Plaintiff also alleges that certain of the log's entries, attached as Exhibit "E" to Plaintiff's Motion for Reconsideration, show that, in fact, there had been a confrontation between him and some correctional officers in the receiving room. (Id.)

### III.    Standard of Review

"The purpose for a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest

injustice." Max's Seafood Café, 176 F.3d at 677 (citations omitted).

Pursuant to a local rule of this court, motions for reconsideration shall be served and filed within ten (10) days after the relevant Order or entry of judgment. Local Civil Rule 7.1(g). However, the Third Circuit has recognized that a district court may waive a requirement of its local rules in appropriate circumstances: "where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." United States v. Eleven Vehicles, 200 F.3d 203, 215 (3d Cir. 2000) (holding that a district court must explain its decision to waive a local rule so that the appellate court may determine whether the court abused its discretion). See also id. at 216 (Alito, J., concurring) (noting that the U.S. Supreme Court and the Third Circuit have recognized equitable exceptions even for untimely motions filed pursuant to Fed. R. Civ. P. 59(e)).

## IV.   The Court Reconsiders the City's Motion for Summary Judgment on Plaintiff's § 1983 Claims

The court reconsiders its decision on the City's Motion for Summary Judgment in light of evidence produced by the City just before trial, which evidence was not made available to the Plaintiff or the court as of the time the motion was decided. The City's untimely production of the CFCF sergeant's log dictates that reconsideration is most appropriate. Therefore, the court waives the ten-day deadline in Local Rule 7.1(g), in the interests of justice, consistent with the holding in United States v. Eleven Vehicles, 200 F.3d 203 (3d Cir. 2000). The sergeant's log is a critical document that was solely within the City's control, inexplicably not produced during the discovery period and produced substantially after the grant of summary judgment in the City's favor. Its late production cannot be excused. Obviously, the log could have been produced timely had there been sufficient diligence by the City. To the extent that diligent effort did not

uncover it, the City cannot now benefit from Local Civil Rule 7.1(g).  Discovery obligations are continuing obligations.  At the summary judgment stage, the court and the Plaintiff relied upon representations that the log did not exist.  Information contained in this critical log was not available to the Plaintiff when he responded to the City's Motion for Summary Judgment and was not available to the court when it ruled on that motion in favor of the City.  If the log had been produced during discovery, additional discovery may have been necessary, Plaintiff may have made different arguments as to the Monell criteria, and the court's decision may well have been different.  For example, the Warden's deposition testimony that the failure of a report and investigation to have been made of a detainee's injuries in Plaintiff's instance was a first in his recollection may have been impeachable by virtue of the log or resulting discovery.  Fundamental principles of justice require the waiver of the Local Rule 7.1(g) deadline in the circumstances presented.

In light of the belatedly-produced sergeant's log, the court vacates, in part, its grant of summary judgment for the City, vacating only its judgment as to Plaintiff's § 1983 claims.  Following the scheduling conference on June 13, 2008, a scheduling order shall issue allowing time for additional discovery on the question of whether there is sufficient evidence of official actions, or knowing lack of action, to support the Monell claim being allowed to proceed to jury determination.

BY THE COURT:

S/ James T. Giles
J.